■ SCHAUB EQUIPMENT RENTAL, INC., Respondent, v ROBERT MARZEC et al., Appellants. (Appeal No. 1.)—Judgment unanimously modified on the law and as modified affirmed without

costs in accordance with the following Memorandum: Plaintiff, an equipment rental agency, leased a trenching machine to defendants to excavate for a water line on residential property that they were developing. The machine was destroyed by fire when, in the course of defendants' operation, the trencher ruptured a natural gas line on the property. Plaintiff sued defendants for destruction of the machine and lost rental income; defendants' answer included an affirmative defense and counterclaim for personal injuries to the machine operator. The answer alleged that plaintiff was negligent in failing to warn defendants of the requirement to notify or inquire of utility companies or government agencies concerning the location of underground utilities. The court granted plaintiff's motion for summary judgment on all issues of liability and damages.

Summary judgment was properly granted to plaintiff on the issue of defendants' negligence. The risk of striking underground utility lines during excavation is an obvious one that should have been known to defendants, who are experienced construction contractors. Indeed, defendants were cognizant of the general risk of striking underground utility lines, but believed that there was no risk in this case. On the basis of incomplete information, defendants mistakenly assumed that all utility lines lay outside the property boundaries. Defendants failed to do what a reasonable contractor would have done, i.e., to ascertain the location of dangerous utility lines by inquiring of the local governments or utilities pursuant to 12 NYCRR part 53-3.

Similarly, summary judgment was properly granted to plaintiff on the issue of its alleged contributory negligence in failing to warn. There is no duty to warn of known or obvious dangers. The risk of striking underground utility lines during excavation was an obvious danger that was appreciated by defendants, who were under a regulatory obligation to ascertain the location of utilities before undertaking excavation.

Summary judgment was improperly granted, however, on the issue of plaintiff's damages. Plaintiff did not seek summary judgment on the issue of damages, and thus the court's summary determination of that issue is reversed. Moreover, the record does not establish a basis for calculating damages as a matter of law. (Appeal from Judgment of Supreme Court, Erie County, Mintz, J.—Negligence.) Present—Denman, P. J., Boomer, Balio, Lawton and Fallon, JJ.